IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

PAUL GILMORE, JR.,

    Plaintiff,

v.

CIVIL ACTION NO.: CV613-102

EMANUEL COUNTY JAIL; CITY OF
SWAINSBORO POLICE DEPARTMENT;
MARTY MERCER, Jail Administrator;
and CHRIS GRINER, Swainsboro
Police Department,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly housed at the Emanuel County Jail in Swainsboro, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 while he was housed at that jail. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he was falsely accused of being in violation of the Controlled Substances Act, and Defendant Griner arrested him without probable cause. Plaintiff alleges that Defendant Mercer will not allow the bondsman to bond him out of jail.[1] Plaintiff also alleges that Defendant Mercer has deprived him of necessary medical and dental treatment. Plaintiff also names the Emanuel County Jail and the City of Swainsboro Police Department as Defendants.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was

---

[1] Plaintiff later informed the Court that he was able to bond out of jail. (Doc. No. 5).

committed by "a person acting under color of state law." Id. Plaintiff cannot sustain a claim against the Emanuel County Jail, as this is a building and not a person within the meaning of § 1983, which cannot be held liable for any actions or inactions in support of a section 1983 claim.

Likewise, Plaintiff cannot sustain a cause of action against the City of Swainsboro Police Department. A governmental entity "may be held liable for the actions of" its employees when the entity's "official policy causes a constitutional violation." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). A plaintiff "must identify a . . . policy or custom [which] caused his injury." Id. A governmental entity is subject to liability under section 1983 "when execution of a government's policy or custom . . . inflicts the injury." Mercado v. City of Orlando, 407 F.3d 1152, 1161 (11th Cir. 2005). Plaintiff has failed to assert that the City of Swainsboro Police Department had any policy or custom in place or that the policy or custom led to any injury.

In addition, the Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the Heck Court, "when a state prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be

3

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original). To have success on his claims, Plaintiff's conviction would have to be invalidated, which has not occurred. Accordingly, Plaintiff's monetary damages claims against Defendant Griner should be **DISMISSED**.

When a state prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Plaintiff must exhaust his available state remedies before a federal court can address these claims. Plaintiff's claims for dismissal of his state charges and his immediate release should be **DISMISSED**.

Finally, Plaintiff cannot sustain a cause of action against Defendant Mercer for deliberate indifference. The Eighth Amendment's proscription against cruel and unusual punishment imposes on the government an affirmative obligation to provide minimally adequate medical care to inmates whom they are punishing by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991).[2] Society's "contemporary standards of decency" do not condone the

---

[2] A deliberate indifference cause of action grew up in Eighth Amendment jurisprudence and applies only to convicted prisoners. Purcell ex rel. Estate of Morgan v. Toombs Cnty., 400 F.3d 1313, 1318 n.13 (11th

4

AO 72A
(Rev. 8/82)

unnecessary and wanton denial of medical care to inmates, who cannot care for themselves while incarcerated. Estelle, 429 U.S. at 105. Otherwise, the "denial of medical care [to inmates] may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103. Therefore, under the Eighth Amendment, the government cannot deliberately ignore or withhold minimally adequate medical care to those inmates suffering from serious medical needs. Id. at 103–04.

However, the Supreme Court cautioned in Estelle that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." 429 U.S. at 105. Additionally, negligence "does not become a constitutional violation merely because the victim is a [detainee]." Id. at 106. Neither does a difference in opinion between the prison's medical staff and the detainee as to diagnosis or course of treatment amount to a claim under the Constitution. Harris, 941 F.2d at 1505 (citation omitted). Only when deliberate indifference to an inmate's serious medical needs is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

A heavy burden is placed on detainees alleging a violation based on deliberate indifference to a serious medical need. To succeed on a claim of inadequate medical treatment, an inmate must set forth evidence of an objectively serious deprivation of medical care demonstrating: (1) an objectively serious medical need, and (2) deliberate

---

Cir. 2005). Where, as here, the plaintiff is a pretrial detainee, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment, governs our analysis. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 n.4 (11th Cir. 1995). Regardless of the particular taxonomy under which a case is analyzed, however, the result is the same because the standards under the Fourteenth Amendment are identical to those under the Eighth Amendment.

5

indifference to that need. Bingham v. Thomas, 654 F3d 1171, 1175-76 (11th Cir. 2011). Plaintiff has failed to show that he had a serious medical need or that Defendant Mercer was deliberately indifferent to that need.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of March, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE