**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

PAUL GILMORE, JR.,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV613-102

EMANUEL COUNTY JAIL; CITY OF
SWAINSBORO POLICE DEPARTMENT;
MARTY MERCER, Jail Administrator;
and CHRIS GRINER, Swainsboro
Police Department,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Plaintiff filed Objections. In his Objections, Plaintiff states that he is not guilty of the criminal charges against him, and that all but one charge has been reduced to a misdemeanor charge. To this end, Plaintiff submitted a document purporting to be a profile report from the Emanuel County Sheriff's Office. This document shows Plaintiff's arrest date, the date he was released on bond, and the charges against him. This document also shows, in Plaintiff's handwriting, "other charges dropped[,] pleaded not guilty." (Doc. No. 16). Plaintiff's attempt to show that his arrest was improper is without merit. Plaintiff has provided the Court with nothing from an official source indicating that all charges

against him have been dismissed entirely or that Defendant Griner arrested him without probable cause.

Plaintiff also states that Defendant Griner took his medication and his cell phone and has yet to give these items back to him. Plaintiff makes this assertion for the first time in his Objections, and the undersigned's practice is not to allow a party to raise assertions in objections which were not presented in the complaint which was reviewed by the Magistrate Judge. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (noting that a district judge has discretion in considering arguments not presented to a magistrate judge). Even if the undersigned were to consider Plaintiff's allegation in this regard, Plaintiff still cannot sustain a cause of action against Defendant Griner for deprivation of property. The intentional deprivation of property gives rise to a due process clause violation when the government fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). As the alleged deprivation of Plaintiff's property occurred in Georgia, Georgia law provides the appropriate remedy.

Finally, Plaintiff states that that he told "officials" that he was hit by a car, which left him with a bad back, a pinched nerve, and pins and rods in his legs. (Doc. No. 17, p. 4). However, Plaintiff fails to set forth facts which indicate that Defendant Mercer was aware of his medical history, that Plaintiff has a serious medical need, or that Defendant Mercer was aware of any serious medical need Plaintiff may have had and ignored that need.

AO 72A
(Rev. 8/82)

Plaintiff's Objections are without merit. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED** based on his failure to state a claim upon which relief may be granted. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 12 day of June, 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)